UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| Mary L. Lamb and Angela E. Hanley, | ) | Case No. 1:04-cv-520 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Javitch, Block & Rathbone, L.L.P., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Rule 12 motion of defendants Javitch, Block & Rathbone, L.L.P. and Edward Kraus, Esq. to dismiss for lack of subject mater jurisdiction, and for failure to state a claim (Doc. 8).  Plaintiffs filed an opposition to the motion (Doc. 16), to which the defendants have replied (Doc. 18).

Background

Plaintiffs Lamb and Hanley brought this action against the moving defendants (hereinafter collectively referred to as "JB&R") under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. and the Ohio Consumer Sales Practices Act, R.C. §1345.01 et seq.  Each plaintiff apparently obtained a credit card from MBNA National Bank.  MBNA initiated arbitration proceedings against both Plaintiffs pursuant to a binding arbitration clause in the credit card agreement, and obtained an arbitration award against Plaintiff Lamb.

JB&R, attorneys at law representing MBNA, subsequently filed

a "Motion and Application to Confirm and Enforce Arbitration Award" in Hamilton County, Ohio Common Pleas Court (Case Number A0404632) on June 9, 2004.  JB&R also filed a "Praecipe" with the Motion, asking the court to serve Plaintiff Lamb with the Motion and Application.  The common pleas court's docket sheet for that case reveals that the following day, June 10, 2004, the court issued a **summons** which was served on Lamb by certified mail on June 17, 2004.  On June 25, 2004, with no response from Lamb filed by then, the court entered an order and judgment confirming the arbitration award.

Plaintiffs filed their complaint in this Court on August 9, 2004.  On September 14, 2004, JB&R filed a motion in the state court litigation to amend the original Motion and Application nunc pro tunc, because a copy of the MBNA arbitration agreement had not been attached to the Motion to confirm the arbitration award.  After the state court granted JB&R's motion to amend, Lamb filed a motion to set aside that entry.  Lamb's motion has not yet been ruled on.

Plaintiff Lamb, the only plaintiff with a claim against JB&R, alleges that several of JB&R's actions and inactions concerning the Hamilton County action violated the FDCPA and the OCSPA.  These include the issuance of the summons, which Lamb alleges was misleading, and JB&R's failure to have a hearing and to attach the written arbitration contract to the Motion and Application to confirm.

JB&R's motion seeks dismissal of Plaintiffs' Complaint on

2

several grounds.  JB&R argues that this action is barred by the
Rooker-Feldman doctrine, and/or by application of res judicata or
collateral estoppel.  JB&R also argues that the issuance of a
summons to Lamb, and JB&R's failure to affirmatively seek a
"hearing" on the Motion, are not actionable under the FDCPA or
the OCSPA.

**ANALYSIS**

A.    Standard of Review.

       A motion to dismiss pursuant to Rule 12(b)(6) operates to
test the sufficiency of the complaint.  In its consideration of a
motion under Rule 12(b)(6), the court is required to construe the
complaint in the light most favorable to the Plaintiff, and
accept all well-pleaded factual allegations in the complaint as
true. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and Roth
Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.
1983).  A court, however, will not accept conclusions of law or
unwarranted inferences which are presented as factual
allegations.  Blackburn v. Fisk University, 443 F.2d 121, 124
(6th Cir. 1974).  A court will accept all reasonable inferences
that might be drawn from the complaint.  Fitzke v. Shappell, 468
F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

       When considering the sufficiency of a complaint pursuant to
a Rule 12(b)(6) motion, this Court recognizes that "a complaint
should not be dismissed for failure to state a claim unless it
appears beyond doubt that the Plaintiff can prove no set of facts
in support of his claim which would entitle him to relief."

3

Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

      B.    The Fair Debt Collection Practices Act.

      Congress enacted this statute "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. §1692(e).  The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation. See Frey v. Ganqwish, 970 F.2d 1516, 1521 (6th Cir. 1992).  The Court must evaluate the defendant's conduct under the "least sophisticated consumer" test, and objectively determine whether that consumer would be misled.  Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1029 (6th Cir. 1992).

      C.    Rooker-Feldman Doctrine.

      The Rooker-Feldman doctrine addresses the district court's subject matter jurisdiction to review state court judgments. Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003).  Pursuant to Rooker-Feldman, district courts do not have subject matter jurisdiction to engage in what amounts to appellate review of a state court judgment.  Id.  "The Rooker-Feldman doctrine bars district courts from hearing both challenges to state court judgments and claims that are 'inextricably intertwined' with state court judgments.  In practice this means that when granting

4

relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction."  Id. (internal citations omitted).

In addition, because this is a factual attack on the Court's subject matter jurisdiction, the Court is not required to accept the pleaded allegations as being true and may resolve disputed issues of fact.  Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

1.   Issuance of Summons.

The record establishes that JB&R filed a "praecipe" with the motion to confirm the arbitration award.  A praecipe is not a summons.  Ohio law describes a praecipe as a written request to a court clerk to perform some act.  See, e.g., Stebelton v. Abram, 1997 Ohio App. LEXIS 3249 (Ohio App. June 25, 1997), holding that R.C. §2506.02 requires a praecipe filed with the court clerk to properly order a transcript for a zoning appeal.  Hamilton County publishes on its website standard forms that include a "Praecipe for Certificate of Judgment" and a "Praecipe for Execution."

Under Ohio Civil Rule 4, the clerk of court must issue a summons on a complaint.  It is not clear from the record why a summons was issued on the Motion and Application to confirm the arbitration award.  The Ohio arbitration statute, R.C. §2711.05, provides that such applications are treated as "motions" and not as complaints.  Whatever the reason may be, the record contains no probative evidence that JB&R was responsible for the summons being issued.  Plaintiff suggests that JB&R's description of the

motion as "other civil" on an administrative cover sheet was a request to issue a summons. This suggestion is not supported by Ohio law or by any reasonable inference drawn from the facts in the record. The civil cover sheet is a statistical reporting form, not a praecipe or request for service of a summons.

Moreover, if Plaintiff is claiming that the issuance of the summons was "unfair or deceptive" because it deprived her of the opportunity to timely respond to MBNA's motion to confirm, that argument implicates <u>Rooker-Feldman</u>. It is "inextricably intertwined" with the judgment of the state court confirming the arbitration award.

For both of these reasons, the issuance of the summons by the court clerk cannot form the basis for an FDCPA claim against JB&R.

2. <u>Failure to Set an Oral Hearing</u>.

Plaintiff also alleges that JB&R violated the FDCPA because JB&R did not set an oral hearing on the Motion to confirm the arbitration award. As noted above, R.C. §2711.05 states that applications to confirm arbitration awards "shall" be handled as motions. Ohio Civil Rule 7(B) states that the Ohio courts may promulgate local rules for determination of motions without conducting oral hearings. And, Hamilton County's Local Rule 14(C) states that motions are not set for oral argument unless the moving party files a written request for a hearing.

Whether Ohio law requires **oral** hearings on motions to

confirm an arbitration award is not entirely clear.  There is
some authority that the applicable statute, R.C. §2711.09,
requires an actual hearing.  See, e.g., <u>Schwartz v. Realtispec,
Inc.</u>, 2003 Ohio 6759, 2003 Ohio App. LEXIS 5982 (Ohio App.,
December 12, 2003).  Other courts have interpreted that statute
to require a five-day "waiting period" between service of the
motion to confirm on the defendant, and the court's "non-oral"
hearing for entry of judgment.  See, <u>CitiFinancial Mortgage Co.
v. Carson</u>, 2004 Ohio 6448, 2004 Ohio App. LEXIS 5874 (Ohio App.,
December 2, 2004).

JB&R argues that the decision to hold a hearing, like the
issuance of a summons, is entirely within the power and
discretion of the state court.  But the Ohio rules cited above
plainly state otherwise.  Moreover, JB&R's own employee admits
that they request oral hearings in most other arbitration
confirmation actions they file in Ohio.  See, Affidavit of Sol
Morales (Doc. 18, Exhibit 1).  JB&R argues that the lack of an
oral hearing (or the failure to attach the arbitration agreement
to its original motion) did not and would not affect the outcome
of the state court proceeding.  But that is not the test for an
FDCPA claim.  Plaintiff is not seeking to set aside the state
court judgment; she is seeking damages for allegedly unfair and
deceptive debt collection practices.

Plaintiff Lamb's allegations concerning the hearing and the
arbitration agreement, taken in the light most favorable to her,
state a colorable claim under the FDCPA, and are sufficient to

overcome a Rule 12(b)(6) motion.

Finally, the Court rejects JB&R's arguments that res judicata or collateral estoppel bar Plaintiff's claims.  JB&R was not a party to the state court proceeding.  And Plaintiff is not seeking to relitigate an issue that was finally determined on the merits in that proceeding.

C.    Ohio Consumer Sales Practices Act Claim.

Plaintiff Lamb also alleges that JB&R's conduct violates the Ohio Consumer Sales Practices Act.  The Court has concluded that this statute does not apply to Plaintiffs' claims against the defendants Wolpoff & Abramson, L.L.P.  The Court reaches the same conclusion with respect to JB&R.

R.C. §1345.01(A) states that a "consumer transaction" does not include transactions between persons defined in R.C. §5725.01, primarily financial institutions, and their customers. R.C. §1345.01(C) defines a "supplier" as a person engaged in the business of "effecting or soliciting consumer transactions." R.C. §1345.02(A) forbids a supplier's unfair or deceptive acts "in connection with a consumer transaction."  While debt collectors are not immune from claims under the OCSPA, the statute requires that they be acting in connection with a defined "consumer transaction."  See, e.g., Broadnax v. Greene Credit Service, 118 Ohio App.3d 881, 892-93 (Ohio App. 1997) [attempt to collect a debt that is covered by the OCSPA is also covered by the statute].

In Lewis v. ACB Business Services, 135 F.3d 389, 412 (6th

8

Cir. 1998), the Sixth Circuit held that a credit card issuer was covered by R.C. §5725.01, and therefore was not subject to the OCSPA.  The same conclusion applies here.  Because the transaction between Plaintiff and MBNA is not subject to the Ohio Consumer Sales Practices Act, the Court finds that Plaintiff Lamb has failed to state a claim against JB&R under that statute.

                              **CONCLUSION**

     For all of the foregoing reasons, JB&R's motion to dismiss is granted with respect to Plaintiff's claims under the Ohio Consumer Sales Practices Act, and with respect to Plaintiff's FDCPA claim based on issuance of the state court summons.  The motion is denied with respect to the balance of Plaintiff Lamb's claims under the Federal Debt Collection Practices Act.  The parties' request for oral argument is denied as moot.


DATED: January 24, 2005           s/ Sandra S. Beckwith
                                  Sandra S. Beckwith, Chief Judge
                                   United States District Court